## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JORDAN MCDUFFIE,<br><br>*Plaintiff,*<br><br>vs.<br><br>ANTONIO VIVES,<br>WALMART, INC.,<br>WAL-MART STORES EAST, LP,<br>CITY OF RIVERDALE,<br>SIGNAL 88 FRANCHISE GROUP,<br>INC.,<br>and SIGNAL 88, LLC,<br><br>*Defendants.* | CIVIL ACTION NO.:<br>1:23-CV-02042-SDG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS SIGNAL 88 FRANCHISE GROUP, INC.'S  AND SIGNAL 88, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Signal 88 Franchise Group, Inc. and Signal 88, LLC, (hereinafter collectively referred to as "Defendants"), and files this, their Answer and Defenses to Plaintiff's First Amended Complaint, showing the Court as follows:

### FIRST DEFENSE

Some or all of Plaintiff's Complaint may fail to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence, and as such, Plaintiff is not entitled to recover from Defendants.

## THIRD DEFENSE

The sole, direct, and proximate cause of any injuries or damages which Plaintiff may have sustained was due to the negligence of Plaintiff or some other person, persons, or entities other than Defendants, with the result that Plaintiff is not entitled to recover anything whatsoever from Defendants.

## FOURTH DEFENSE

Defendants deny that they or their agents or employees were negligent in any manner, or that any negligent act or omission on Defendants' or their agents' or employees' part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Defendants deny that they caused Plaintiff to suffer any injury.

## SIXTH DEFENSE

Defendants deny that they breached any duty that they may have owed to Plaintiff.

### SEVENTH DEFENSE

To the extent established through investigation and discovery, Defendants assert that Plaintiff's claims are barred by doctrine of assumption of the risk.

### EIGHTH DEFENSE

Defendants deny any and all allegations of negligent supervision, hiring, training, entrustment, or retention.

### NINTH DEFENSE

Plaintiff's failure to specifically plead his special damages in accordance with the Federal Rules of Civil Procedure precludes Plaintiff's recovery of the same.

### TENTH DEFENSE

Plaintiff is not entitled to attorney's fees, expenses, costs, post-judgment or pre-judgment interest. Defendants reserve all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law.

### ELEVENTH DEFENSE

Plaintiff's claims for punitive damages fail as a matter of law as there is no willful, wanton, reckless, or malicious conduct in relation to Plaintiff or the incident forming the basis of Plaintiff's Complaint or First Amended Complaint that is attributable to Defendants.

## TWELFTH DEFENSE

To the extent established through discovery and further investigation, Defendants reserve the right to assert all affirmative defenses available to it under the Federal Rules of Civil Procedure.

## THIRTEENTH DEFENSE

Defendants deny that they are proper parties to this lawsuit and further deny that any contractual obligations between Defendant(s) and any other party gives rise to liability for Plaintiff's claims.

## FOURTEENTH DEFENSE

Responding specifically to the numbered paragraphs and allegations of Plaintiff's First Amended Complaint, Defendant shows as follows:

**ALLEGATION:** [Plaintiff's Footnote 1] Plaintiff makes this amendment without motion pursuant to Fed. R. Civ. P. 15(a)(2) after obtaining the written consent of all original defendants to amend to add Signal 88 entities as defendants. *See Vaughn v. Georgia*, No. 1:11-CV-4026-RWS, 2012 U.S. Dist. LEXIS 89113, at *17 (N.D. Ga. 2012) ("Because Plaintiff is attempting to add parties to her own complaint, the Court construes her motion . . . under Rule 15, as that is the proper vehicle for Plaintiffs request."). If the Court believes that Rule 21 also applies, Plaintiff asks the Court to exercise its authority to add a party either on "motion or on its own" given

the consent of all existing parties, Signal 88's involvement alleged below, and the early stage of this action. *Johnson v. MacMillan Publrs., Ltd*, No. 1:11-cv-1601-TCB, 2012 U.S. Dist. LEXIS 180515, at *11 (N.D. Ga. 2012) (holding plaintiff properly amended without motion under Rule 15(a), while observing that "[w]hen a plaintiff adds a defendant through an amended pleading without filing a motion pursuant to Rule 21 for leave to add the defendant, Courts are split as to whether Rule 21 or Rule 15(a) governs").

**RESPONSE: Defendants object to Plaintiff's amendment of his Complaint under Rule 15 as Defendants were not parties to this lawsuit prior to service of the Amendment and therefore were unable to either consent or object to an amendment that most directly affects them. Consequently, the proper mechanism for their addition to this lawsuit is a Rule 21 Motion. Further, to the extent Plaintiff's First Amended Complaint is treated as a Rule 21 Motion (as outlined as an alternative in Plaintiff's Footnote 1), Defendant respectfully requests that the time for which Defendants to Answer the Amended Complaint be tolled until the Rule 21 Motion is decided and that this Answer be deemed otherwise timely.**

### 1.

**ALLEGATION:** This case is about the false arrest and imprisonment of Jordan McDuffie, a young black man, by Antonio Vives, an off-duty Riverdale police

officer moonlighting as an unlicensed armed security guard at Walmart. Vives was hired to enforce Walmart's policies despite his turbulent career in law enforcement, filled with short stints at different departments, reprimands, suspensions, demotions, and complaints about his dangerous, disrespectful, and unlawful conduct—a checkered past that foreseeably led to this kind of incident.

**RESPONSE: Defendants admit that Plaintiff's case arises from allegations of the false arrest and imprisonment of Jordan McDuffie. Defendants deny the remaining allegations contained in Paragraph 1.**

### 2.

**ALLEGATION:** Days before Christmas 2021, Vives was working inside Walmart when he walked toward the exit to assist with loss prevention and with an improperly parked vehicle. Instead of fully leaving the store, he abruptly stopped in the middle of the busy exit doorway, blocking most of it, with his back towards customers.

**RESPONSE: Defendants lack sufficient information to admit or deny whether, days before Christmas 2021, Defendant Vives was working inside Walmart when he walked toward the exit to assist with loss prevention and with an improperly parked vehicle. Defendant denies the remaining allegations of Paragraph 2.**

**3.**

**ALLEGATION:** McDuffie had finished shopping and went to leave moments after Vives stopped in the doorway. McDuffie politely said, "excuse me," and passed by Vives.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations of Paragraph 3. Accordingly, by operation of law, these allegations are denied.**

**4.**

**ALLEGATION:** After McDuffie passed by, Vives asked him to stop and come back. When McDuffie realized that Vives was talking to him and complied, Vives arrested him for battery and obstruction, cuffed him, and took him to jail.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations of Paragraph 4. Accordingly, by operation of law, these allegations are denied.**

**5.**

**ALLEGATION:** Conclusive video evidence shows that Vives did not have arguable probable cause to arrest McDuffie for battery or anything else.[2] In the video, McDuffie is the first customer (wearing a backpack) to pass by Vives. The video

shows that McDuffie does not make physical conduct with Vives that anyone could consider insulting, provoking, or intentional.

**RESPONSE: Defendants admit that the individual wearing a backpack appears to be the first person to pass Defendant Vives in the video provided by Plaintiff. Defendant denies the remaining allegations of Paragraph 5.**

**6.**

**ALLEGATION:** Vives justified this arrest by lying in his police report. He claimed McDuffie "immediately ran into [him]" and "made physical contact with [his] body and firearm" by "pushing [him] out of his way." He claimed McDuffie "used his shoulder" to "strike a police officer from behind."

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations of Paragraph 6. Accordingly, by operation of law, these allegations are denied.**

**7.**

**ALLEGATION:** But the video evidence conclusively shows that none of that was true.

**RESPONSE: Defendant denies the allegations contained in Paragraph 7.**

**8.**

**ALLEGATION:** Two Walmart employees watched the video with Vives, who asked them if he erred in handcuffing McDuffie. The two Walmart employees

8

confirmed that they believed the arrest was proper—despite the video showing McDuffie clearly did nothing wrong.

**RESPONSE: Defendants deny that the video showed "McDuffie clearly did nothing wrong." Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 8. Accordingly, by operation of law, these allegations are denied.**

**9.**

**ALLEGATION:** Months later, all charges were dismissed due to insufficient evidence.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 9. Accordingly, by operation of law, these allegations are denied.**

**JURISDICTION AND VENUE**

**10.**

**ALLEGATION:** This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction of federal claims under 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of pendent state law claims under 28 U.S.C. § 1337.

9

**RESPONSE: Defendant admits that this Court has subject matter jurisdiction over Plaintiff's federal law claims and may have jurisdiction over some or all of his state law claims.**

### 11.

**ALLEGATION:** Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiffs claims arose in this district and division.

**RESPONSE: Defendant admits that venue is proper before this Court for Plaintiff's federal law claims and may be proper for some or all of Plaintiff's state law claims.**

### PARTIES

### 12.

**ALLEGATION:** Plaintiff Jordan McDuffie is a United States citizen.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 12. Accordingly, by operation of law, these allegations are denied.**

### 13.

**ALLEGATION:** Defendant Antonio Vives is sued in his individual capacity. At all times relevant to this complaint, Vives acted under the color of law by virtue of his uniformed presence as a Riverdale Police Department officer. At all times relevant to this complaint, Vives also acted within the scope and authority of his employment

10

for the Riverdale Police Department and for Defendants Walmart, Inc. and Wal-Mart Stores East, LP.

**RESPONSE: Defendants admit that Defendant Vives has been sued in his individual capacity. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 13. Accordingly, by operation of law, these allegations are denied.**

## 14.

**ALLEGATION:** Defendant Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas. Walmart, Inc. is liable under state law *respondeat superior* for Vives' tortious conduct and for its own negligence in hiring, training, and retaining Vives.

**RESPONSE: Defendants admit that, upon information and belief, Defendant Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas. Defendants lack sufficient information to either admit or deny the remaining allegations of Paragraph 14. Accordingly, by operation of law, these allegations are denied.**

## 15.

**ALLEGATION:** Defendant Wal-Mart Stores East, LP is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is liable

under state law *respondeat superior* for Vives' tortious conduct and for its own negligence in hiring, training, and retaining Vives.

**RESPONSE: Defendants admit that, upon information and belief, Defendant Wal-Mart Stores East, LP is a Delaware corporation with its principal place of business in Arkansas. Defendants lack sufficient information to either admit or deny the remaining allegations of Paragraph 15. Accordingly, by operation of law, these allegations are denied.**

### 16.

**ALLEGATION:** Collectively, Walmart, Inc. and Wal-Mart Stores East, LP are referred to as Walmart.

**RESPONSE: Paragraph 16 does not assert any allegations; however, to the extent a response is required, Defendant denies the allegations contained therein.**

### 17.

**ALLEGATION:** Defendant Signal 88 Franchise Group, Inc. is a Delaware corporation with its principal place of business in Nebraska. Signal 88 Franchise Group, Inc., contracted with Walmart, Inc., with respect to Vives' employment and is liable under state law *respondeat superior* for Vives' tortious conduct and for its own negligence in hiring, training, and retaining Vives. To the extent any subsidiaries or franchisees may be involved, Signal 88 Franchise Group, Inc.'s

contract with Walmart provides that it is liable for the conduct of any agent retained by a franchisee or subsidiary to work for Walmart, including Vives.

**RESPONSE: Defendants admit that Signal 88 Franchise Group, Inc. is a Delaware corporation with its principal place of business in Nebraska. Defendant denies the remaining allegations contained in Paragraph 17.**

## 18.

**ALLEGATION:** Signal 88, LLC is a Delaware LLC with a principal place of business in Nebraska. Based on information provided by Walmart, Signal 88, LLC holds an insurance policy that covers Vives' conduct, and Signal 88, LLC, drafted certain policies applicable to Vives' employment. Therefore, on information and belief, Signal 88, LLC is also liable under state law *respondeat superior* for Vives' tortious conduct and for its own negligence in hiring, training, and retaining Vives.

**RESPONSE: Defendants admit that Signal 88, LLC is a Delaware LLC with a principal place of business in Nebraska. Defendants deny the remaining allegations of Paragraph 18.**

## 19.

**ALLEGATION:** Collectively, Signal 88 Franchise Group, Inc. and Signal 88, LLC are referred to as Signal 88.

**RESPONSE: Denied as pled. Signal 88 Franchise Group, Inc. and Signal 88, LLC are separate and distinct entities.**

**20.**

**ALLEGATION:** The City of Riverdale is a Georgia municipality subject to suit.

**RESPONSE: Upon information and belief, Defendants admit the allegations of Paragraph 20.**

FACTS[1]

**21.**

**ALLEGATION:** On December 20, 2021, at approximately 6:30pm, the Riverdale Walmart Supercenter was busy with holiday shoppers.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 21. Accordingly, by operation of law, these allegations are denied.**

**22.**

**ALLEGATION:** At that time, Vives was working on behalf of Walmart "assisting with loss prevention" and responding to a potential "improperly parked vehicle" on Walmart premises.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 22. Accordingly, by operation of law, these allegations are denied.**

---

[1] Plaintiff's First Amended Complaint includes the header, "McDuffie Arrested Without Any Arguable Basis." Defendants deny the allegations asserted within that header.

14

**23.**

**ALLEGATION:** In addition to those roles, Vives was also tasked with ensuring the orderly ingress and egress of customers at Walmart.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 23. Accordingly, by operation of law, these allegations are denied.**

**24.**

**ALLEGATION:** Vives was also responsible for enforcing Walmart's policies and procedures, including rules of decorum.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 24. Accordingly, by operation of law, these allegations are denied**

**25.**

**ALLEGATION:** Vives was paid to provide services to Walmart both as a uniformed off-duty security officer and as a representative of Walmart who was authorized to carry out Walmart policies and procedures.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 25. Accordingly, by operation of law, these allegations are denied.**

**26.**

**ALLEGATION:** Despite the store being busy with customers coming in and out of the automatic doors, Vives suddenly stopped himself in the middle of the door, obstructing people coming in and out.

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 26.**

**27.**

**ALLEGATION:** Jordan McDuffie was inside Walmart, and, having completed his business, walked towards the door to leave.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 27. Accordingly, by operation of law, these allegations are denied**

**28.**

**ALLEGATION:** Vives was walking in front of McDuffie as both walked towards the exit door.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 28. Accordingly, by operation of law, these allegations are denied**

### 29.

**ALLEGATION:** Vives abruptly stopped in the middle of the door.

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 29.**

### 30.

**ALLEGATION:** Noting that Vives was obstructing a portion of the door, McDuffie politely said, "excuse me," and walked by Vives.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 30. Accordingly, by operation of law, these allegations are denied**

### 31.

**ALLEGATION:** Based on the video, it is not clear that McDuffie made any physical contact with Vives.

**RESPONSE: Defendants admit that, based on the video included in Plaintiff's First Amended Complaint, it is unclear whether Plaintiff made any physical contact with Defendant Vives.**

### 32.

17

**ALLEGATION:** In fact, McDuffie walked and angled his body so that he would not make any contact with Vives. But Vives suddenly turned into McDuffie, resulting in the slightest of contact between Vives' arm and McDuffie's torso.

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 32.**

### 33.

**ALLEGATION:** The physical contact with was minimal, caused by Vives' conduct, and obviously not harmful, offensive, or intentional.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 33. Accordingly, by operation of law, these allegations are denied**

### 34.

**ALLEGATION:** Vives knew that McDuffie did not intend to make any contact whatsoever, and indeed that McDuffie tried to avoid making any contact.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 34. Accordingly, by operation of law, these allegations are denied**

### 35.

**ALLEGATION:** The video shows that Vives does not react as if he has been battered.

**RESPONSE: Defendants deny the allegations contained in Paragraph 35.**

**36.**

**ALLEGATION:** The next customer who went through the door, who appears to be a white woman, made physical contact with Vives, but Vives did not demand that she stop or arrest her for battery.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 36. Accordingly, by operation of law, these allegations are denied**

**37.**

**ALLEGATION:** Vives set out to arrest McDuffie knowing McDuffie had done nothing wrong.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 37. Accordingly, by operation of law, these allegations are denied**

**38.**

**ALLEGATION:** Vives then demanded that McDuffie stop walking to his vehicle.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 38. Accordingly, by operation of law, these allegations are denied**

**39.**

**ALLEGATION:** McDuffie complied with Vives' command once he understood that Vives was seriously speaking to him.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 39. Accordingly, by operation of law, these allegations are denied**

**40.**

**ALLEGATION:** Vives then arrested McDuffie and brought him back into the Walmart.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 40. Accordingly, by operation of law, these allegations are denied**

**41.**

**ALLEGATION:** At no time did Vives or anyone else suspect McDuffie of theft or any other offense.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 41. Accordingly, by operation of law, these allegations are denied**

**42.**

**ALLEGATION:** Vives charged McDuffie with simple battery in violation of O.C.G.A. § 16-5-23 and obstruction in violation of O.C.G.A. § 16-10-24.

**RESPONSE: Upon information and belief, Defendants admit the allegations contained in Paragraph 42.**

### 43.

**ALLEGATION:** There was no arguable probable cause for any of these charges.

**RESPONSE: The allegations of Paragraph 43 state a legal conclusion requiring no response. However, to the extent a response is required, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 43. Accordingly, by operation of law, these allegations are denied**

### 44.

**ALLEGATION:** Vives' theory for simple battery was that McDuffie "immediately ran into [Vives]" and "made physical contact with [Vives'] body and firearm" by "pushing [Vives] out of his way."

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 44. Accordingly, by operation of law, these allegations are denied**

### 45.

**ALLEGATION:** But the video shows that each of these statements in Vives' police report are false.

**RESPONSE: Defendants deny the allegations contained in Paragraph 45.**

### 46.

**ALLEGATION:** Vives' theory for obstruction was that McDuffie did not immediately stop when asked.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 46. Accordingly, by operation of law, these allegations are denied.**

**47.**

**ALLEGATION:** But McDuffie initially had no reason to think that Vives was seriously speaking to him, and McDuffie stopped immediately once he understood that Vives was serious about addressing him.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 47. Accordingly, by operation of law, these allegations are denied**

**48.**

**ALLEGATION:** McDuffie also had no obligation to stop because Vives has no justification to detain him.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 48. Accordingly, by operation of law, these allegations are denied**

**49.**

**ALLEGATION:** Under Georgia law, persons are entitled to resist an unlawful arrest and there was no arguable probable cause for any offense.

**RESPONSE: Paragraph 49 states a legal conclusion and requires no response. To the extent a response is required, Defendant denies the allegations contained therein.**

**50.**

**ALLEGATION:** Vives called for other law enforcement officers to transport Plaintiff and to book him into the Clayton County Jail on falsified charges.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 50. Accordingly, by operation of law, these allegations are denied**

**51.**

**ALLEGATION:** Before McDuffie was transferred to jail, Vives and two Walmart employees watched the same video of Plaintiff's false arrest linked and described in this Complaint. McDuffie was in the room, handcuffed, while Vives and two Walmart employees watched video of Plaintiff's false arrest.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 51. Accordingly, by operation of law, these allegations are denied**

**52.**

**ALLEGATION:** Vives asked the two Walmart employees to confirm that the arrest was justified.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 52. Accordingly, by operation of law, these allegations are denied**

**53.**

**ALLEGATION:** The two Walmart employees confirmed that the arrest was appropriate despite the video evidence showing that Plaintiff did nothing unlawful.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 53. Accordingly, by operation of law, these allegations are denied**

**54.**

**ALLEGATION:** At the time of his seizure, there was no arguable probable cause for any offense, including any charge of obstruction or simple battery.

**RESPONSE: Defendants deny the allegations contained in Paragraph 54.**

**55.**

**ALLEGATION:** Based on Vives' fabrications, McDuffie spent three days in jail, had to post more than $3,000 bond and hire an attorney, and was prosecuted for nearly two months.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 55. Accordingly, by operation of law, these allegations are denied**

**56.**

**ALLEGATION:** Before trial, all charges were dismissed.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 56. Accordingly, by operation of law, these allegations are denied**

**57.**

**ALLEGATION:** Based on the "Extra Job Permit/Request Form" Vives submitted to the Riverdale PD, Vives was approved to work for the "employer/company" WalMart under the manager "Mrs. Tracy — LP Manager." Thus, Vives' direct supervisor at Walmart was a loss prevention manager employed by Walmart.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 57. Accordingly, by operation of law, these allegations are denied**

**58.**

**ALLEGATION:** While Vives was managed directly by a Walmart employee, documents disclosed by Vives and Walmart reflect that Signal 88 was also involved in his hiring and at least partially responsible for vetting him before he started

25

working at Walmart. Specifically, Walmart contracted with Signal 88 to supply one "Uniformed Police Office" at the Walmart location at issue.

**RESPONSE: Defendants deny the allegations contained in Paragraph 58.**

59.

**ALLEGATION:** Although Signal 88 was involved in hiring Vives to work at Walmart, Walmart had the right to control the time, place, and manner of Vives' work at the store. Without limitation, Walmart's contract with Signal 88 specifies the times and locations that Vives (or another security officer) must work at the store, the contract includes various rules regarding the appearance and performance of any security guard sourced by Signal 88, and, as addressed above, a Walmart loss prevention manager was Vives' actual on-the-ground manager.

**RESPONSE: Defendants deny the allegations contained in Paragraph 59.**

60.

**ALLEGATION:** Vives was armed with a firearm while working security for Walmart.

**RESPONSE: Upon information and belief, Defendants admit the allegations contained in Paragraph 60.**

61.

**ALLEGATION:** Vives was not licensed as a private security business or guard under O.C.G.A. § 43-38-1, *et seq.*

26

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 61.**

**62.**

**ALLEGATION:** Walmart was not licensed as a private security business under O.C.G.A. § 43-38-1, *et seq.*

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 62. Accordingly, by operation of law, these allegations are denied.**

**63.**

**ALLEGATION:** Based on Plaintiff's investigation to date, Vives was not retained to work at Walmart by a Signal 88 entity with a valid private security business license. While Walmart has suggested that an entity called "Signal 88 Security of Atlanta LLC" may have some connection to Vives' employment, the Georgia Secretary of State website suggests that no such company exists. Further, documents produced by Riverdale identify "Signal 88, LLC" and "Signal 88 of South Atlanta #268" as potentially relevant entities, but the Georgia Secretary of State website does not reflect that any entity matching either of these names has a valid license.

**RESPONSE: Defendant admits that Defendant Vives was not retained to work at Walmart by a Signal 88 entity. Defendants lack sufficient information to**

27

admit or deny the remaining allegations contained in Paragraph 63. Accordingly, by operation of law, these allegations are denied.

**64.**

**ALLEGATION:** Georgia law requires than any person performing armed private security maintain a license and comply with training and monitoring requirements.

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 64.**

**65.**

**ALLEGATION:** Vives, Walmart, and Signal 88 did not comply with the provisions of O.C.G.A. § 43-38-1, *et seq.* because they did not have the required license or training.

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 65.**

**66.**

**ALLEGATION:** Walmart and Signal 88 also knew or should have known that Vives was an unsuitable person to work as an armed security guard.

**RESPONSE: Defendants deny the allegations contained in Paragraph 66.**

**67.**

**ALLEGATION:** Walmart and Signal 88 knew, or should have known, that Vives failed to proceed past a probationary period as an officer with the LaGrange Police Department, based on extensive documented misconduct, including:

    a.    numerous citizen complaints,

    b.    an improper vehicular pursuit,

    c.    failure to make a required police report,

    d.    insubordination,

    e.    "alarming" baseless accusations of traffic violations,

    f.    failure to consider exculpatory information,

    g.    reckless driving,

    h.    failure to report use of force, and

    i.    the department's overall conclusion that he was not a suitable officer.

**RESPONSE: Defendants deny the allegations contained in Paragraph 67.**

**68.**

**ALLEGATION:** Walmart and Signal 88 knew, or should have known, that Vives was demoted in his next role as a law enforcement officer, suspended for three days, and put on exclusively administrative duties, for the Clayton County Sheriff's Office as a result of additional misconduct, including:

    a.    insubordination,

b.     a dangerous and improper vehicle pursuit, in which Vives disregarded direct orders to discontinue a pursuit, drove the wrong way on the interstate, and conducted a PIT maneuver (after having been told to discontinue a pursuit) that resulted in a crash involving another law enforcement officer, and

c.     citizen complaints.

**RESPONSE: Defendants deny the allegations contained in Paragraph 68 including subparts "a" through "c."**

### 69.

**ALLEGATION:** Public records also show that Vives resigned from the Clayton County Sheriff's Office during an internal investigation into his conduct. This investigation ultimately found against Vives, but no discipline was imposed because he had already left. He was nevertheless then hired by Riverdale as a police officer and by Walmart and Signal 88 as an unlicensed, armed security guard.

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 69.**

### 70.

**ALLEGATION:** Walmart and Signal 88 failed to respond to these numerous red flags and instead permitted and empowered Vives to work as an armed security guard.

**RESPONSE: Defendants deny the allegations contained in Paragraph 70.**

**71.[2]**

**ALLEGATION:** Vives wore a body camera while working for Walmart on December 20, 2021.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 71. Accordingly, by operation of law, these allegations are denied.**

**72.**

**ALLEGATION:** As indicated in his incident report, Vives' body camera was on and operational during his interaction with McDuffie.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 72. Accordingly, by operation of law, these allegations are denied.**

**73.**

**ALLEGATION:** After McDuffie's arrest, Vives or other Riverdale Police Department officers obtained video from Walmart showing the interaction between McDuffie and Vives in furtherance of Vives' prosecution of McDuffie.

---

[2] Plaintiff's First Amended Complaint includes a header that states, "Riverdale's Failure to Comply with the Open Records Act." Defendants are without information sufficient to form a belief as to whether the City of Riverdale failed to comply with the Open Records Act; therefore, those allegations are denied.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 73. Accordingly, by operation of law, these allegations are denied.**

### 74.

**ALLEGATION:** McDuffie, via counsel, repeatedly requested these videos.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 74. Accordingly, by operation of law, these allegations are denied.**

### 75.

**ALLEGATION:** The City of Riverdale refused to provide the requested video.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 75. Accordingly, by operation of law, these allegations are denied.**

### 76.

**ALLEGATION:** There was no open investigation, and no other exemption to the Open Records Act would apply.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 76. Accordingly, by operation of law, these allegations are denied.**

### 77.

**ALLEGATION:** Only after being provided with a demand letter, a draft of this lawsuit, and an additional Open Records Act request did the City of Riverdale belatedly provide some of the requested video.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 77. Accordingly, by operation of law, these allegations are denied.**

COUNT I
*Illegal Seizure*
*under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*
*Against Vives, Walmart, and Signal 88*

**78.**

**ALLEGATION:** Plaintiff was subjected to a warrantless arrest, despite evidence that demonstrated Plaintiff's innocence.

**RESPONSE: Defendants deny the allegations contained in Paragraph 78.**

**79.**

**ALLEGATION:** By causing Plaintiff to be handcuffed and then ultimately transported to jail, Defendant Vives arrested Plaintiff.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 79. Accordingly, by operation of law, these allegations are denied.**

**80.**

**ALLEGATION:** At the time of the arrest, no reasonable police officer could have believed that there was probable cause or arguable probable cause to believe Plaintiff committed any criminal offense.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 80. Accordingly, by operation of law, these allegations are denied.**

**81.**

**ALLEGATION:** Defendants' actions were the proximate cause of Plaintiffs arrest and detention.

**RESPONSE: Defendants deny the allegations contained in Paragraph 81 as to them.**

**82.**

**ALLEGATION:** Prior to his arrest, Plaintiff had not committed any offense that would authorize his arrest.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 82. Accordingly, by operation of law, these allegations are denied.**

**83.**

**ALLEGATION:** Defendants did not know any information that could support a reasonable belief that probable cause existed to arrest Plaintiff for any offense.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 83. Accordingly, by operation of law, these allegations are denied.**

### 84.

**ALLEGATION:** Defendants knowingly and willfully acted in the complete absence of probable cause and with malice in causing Plaintiff to be arrested and prosecuted.

**RESPONSE: Defendants deny the allegations contained in Paragraph 84 as to them.**

### 85.

**ALLEGATION:** Plaintiff suffered damages as a result, including financial losses, emotional losses, and the loss of liberty.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 85. Accordingly, by operation of law, these allegations are denied.**

### 86.

**ALLEGATION:** Any objectively reasonable law enforcement officer would have known that causing a citizen to be arrested under the circumstances shown by the video evidence violated the Fourth and Fourteenth Amendments of the United States Constitution.

**RESPONSE: Defendants deny the allegations contained in Paragraph 86.**

**87.**

**ALLEGATION:** Vives was acting within the course and scope of his employment with Walmart and was acting to effectuate Walmart's policies and procedures at the time of McDuffie's arrest.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 87. Accordingly, by operation of law, these allegations are denied.**

**88.**

**ALLEGATION:** Vives and Walmart and Signal 88 jointly participated in the common objective of jailing and prosecuting Plaintiff.

**RESPONSE: Defendants deny the allegations contained in Paragraph 88.**

**89.**

**ALLEGATION:** Through its contracts with Walmart, Signal 88 also assumed liability for Vives' conduct while working at the store and is liable for his actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 89.**

<u>COUNT II</u>
*False Imprisonment, False Arrest, and/or Malicious Prosecution under state law against Vives, Walmart, and Signal 88*

36

**90.**

**ALLEGATION:** Defendant Vives detained and then arrested Plaintiff without any justification whatsoever.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 90. Accordingly, by operation of law, these allegations are denied.**

**91.**

**ALLEGATION:** When he detained and then arrested Plaintiff, Vives knew for a fact that Plaintiff had not committed any offense, but he arrested him anyway.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 91. Accordingly, by operation of law, these allegations are denied.**

**92.**

**ALLEGATION:** Defendant Vives was acting as a Walmart employee and/or an authorized representative of Walmart when he arrested Plaintiff.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 92. Accordingly, by operation of law, these allegations are denied.**

**93.**

**ALLEGATION:** Defendant Vives was tasked with carrying out Walmart policies as an authorized Walmart representative at the time he arrested Plaintiff.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 93. Accordingly, by operation of law, these allegations are denied.**

**94.**

**ALLEGATION:** At all times relevant to this complaint, Vives acted within the scope and authority of his employment for Walmart.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 94. Accordingly, by operation of law, these allegations are denied.**

**95.**

**ALLEGATION:** At all times relevant to this complaint, Vives acted in furtherance of Walmart's interests by acting as a security guard.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 95. Accordingly, by operation of law, these allegations are denied.**

**96.**

**ALLEGATION:** At all times relevant to this complaint, Walmart paid for Vives' services as a security guard.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 96. Accordingly, by operation of law, these allegations are denied.**

## 97.

**ALLEGATION:** At all times relevant to this complaint, Vives served as an authorized representative to carry out all Walmart policies.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 97. Accordingly, by operation of law, these allegations are denied.**

## 98.

**ALLEGATION:** Walmart controlled the time of Vives' performance of his duties, meaning that they controlled the hours he worked—he was not free to work whenever he wanted.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 98. Accordingly, by operation of law, these allegations are denied.**

## 99.

**ALLEGATION:** Walmart set specific hours that Vives was to work for Walmart, while off-duty from the Riverdale Police Department.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 99. Accordingly, by operation of law, these allegations are denied.**

### 100.

**ALLEGATION:** Walmart controlled the place of Vives' performance of his duties, meaning that he was provided a location in the front of the store where he was instructed to be based.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 100. Accordingly, by operation of law, these allegations are denied.**

### 101.

**ALLEGATION:** Walmart required Vives to be posted at a specific location at the front of the store.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 101. Accordingly, by operation of law, these allegations are denied.**

### 102.

**ALLEGATION:** Walmart did not allow Vives to work from home, from his car, or from any place of his choosing in the Walmart.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 102. Accordingly, by operation of law, these allegations are denied.**

### 103.

**ALLEGATION:** Walmart controlled the manner of Vives performance of his duties, meaning that he was provided instructions and guidelines about how to perform his role as a security guard for Walmart.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 103. Accordingly, by operation of law, these allegations are denied.**

### 104.

**ALLEGATION:** Additionally, Walmart controlled the manner of Vives' performance of his duties by providing Vives with Walmart policies that he was required to understand and carry out as an authorized Walmart representative.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 104. Accordingly, by operation of law, these allegations are denied.**

### 105.

**ALLEGATION:** When Vives arrested Plaintiff, he acted within the scope of his employment as a Walmart security guard and in furtherance of Walmart's interests.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 105. Accordingly, by operation of law, these allegations are denied.**

**106.**

**ALLEGATION:** Specifically, Vives states in his police report that, when he blocked the exit and then arrested McDuffie, he "was assisting loss prevention at Walmart with a reported improperly parked vehicle." Vives was therefore in the discharge of duties for the company when he committed the unjustified tort.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 106. Accordingly, by operation of law, these allegations are denied.**

**107.**

**ALLEGATION:** Walmart ratified Vives' wrongful conduct after the fact.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 107. Accordingly, by operation of law, these allegations are denied.**

**108.**

**ALLEGATION:** Walmart knew that Vives unlawfully arrested Plaintiff, but Walmart unreasonably failed to forward conclusive exculpatory evidence to Riverdale Police Department or Clayton County prosecutors.

42

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 108. Accordingly, by operation of law, these allegations are denied.**

**109.**

**ALLEGATION:** Walmart is liable for the torts of its employee Vives.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 109. Accordingly, by operation of law, these allegations are denied.**

**110.**

**ALLEGATION:** To the extent Vives was an independent contractor, Walmart is liable because Vives' work as an unlicensed private security guard was unlawful and inherently dangerous, because Walmart controlled the time and manner of the work, and because Walmart ratified Vives' wrongs, including by failing to intervene in an unlawful arrest and prosecution.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 110. Accordingly, by operation of law, these allegations are denied.**

**111.**

**ALLEGATION:** Through its contracts with Walmart, Signal 88 also assumed liability for Vives' conduct while working at the store and is liable for his actions.

43

**RESPONSE: Defendants deny the allegations contained in Paragraph 111.**

**112.**

**ALLEGATION:** To the extent Walmart contends that Vives was a Signal 88 agent, in addition to or rather than a Walmart agent, Signal 88 is also liable for Vives' actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 112.**

<u>COUNT III</u>
*Negligence*
*Against Vives, Walmart, and Signal 88*

**113.**

**ALLEGATION:** Defendants had a duty to exercise reasonable care towards Plaintiff.

**RESPONSE: Defendants deny that they owed any duty to Plaintiff in relation to Officer Vives' discharge of his official duties as a sworn police officer in the incident forming the basis of Plaintiff's First Amended Complaint. To the extent further response to Paragraph 113 is required, Defendants deny the allegations contained therein.**

**114.**

**ALLEGATION:** Vives was negligent in that he unreasonably believed Plaintiff had committed the offense of battery and obstruction, when he had done nothing coming close to committing those offenses.

44

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 114. Accordingly, by operation of law, these allegations are denied.**

### 115.

**ALLEGATION:** Vives was negligent in that he stopped himself abruptly in the middle of a crowded door, leading to a confrontation with a customer.

**RESPONSE: Defendants deny the allegations contained in Paragraph 115.**

### 116.

**ALLEGATION:** Vives was negligent per *se* in that he operated as an individual engaged in the private security business without the required license, testing, oversight, or training required by Georgia law. *See* O.C.G.A. § 43-38-1, *et seq.*

**RESPONSE: Defendants deny the allegations contained in Paragraph 116.**

### 117.

**ALLEGATION:** The purpose of Chapter 38, which "shall be liberally construed," is to "safeguard[] the citizens of this state by regulation of the private detective and private security business," which is "in the public interest." O.C.G.A. § 43-38-2. McDuffie, as a citizen of this state, is within the class of persons that Chapter 38 is intended to protect, and the harm McDuffie suffered is the type of injury that the statute is intended to protect against.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 117. Accordingly, by operation of law, these allegations are denied.**

### 118.

**ALLEGATION:** Walmart is liable for the negligence of its employee Vives.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 118. Accordingly, by operation of law, these allegations are denied.**

### 119.

**ALLEGATION:** Walmart is also liable for its own acts of negligence.

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 119.**

### 120.

**ALLEGATION:** Walmart and Signal 88 were negligent in that both companies failed to properly investigate or perform due diligence as to whether Vives was a suitable person to perform security duties at Walmart.

**RESPONSE: Defendants deny the allegations contained in Paragraph 120.**

### 121.

**ALLEGATION:** Based on Vives' lack of the required license, testing, training, and oversight required by O.C.G.A. § 43-38-1, *et seq.,* and based on Vives' documented

history of involvement in incidents that escalated dangerously, and his general failure to stay consistently employed at any law enforcement agency, Vives was not a suitable person to perform security duties at Walmart.

**RESPONSE: Defendants deny the allegations contained in Paragraph 121.**

**122.**

**ALLEGATION:** Walmart was negligent in failing to intervene and stop the unlawful arrest of one of its customers.

**RESPONSE: Defendants deny the allegations contained in Paragraph 122.**

**123.**

**ALLEGATION:** Walmart was negligent in failing alert any authorities that Vives had committed an unlawful arrest at Walmart, leading to a longer detention and prosecution of McDuffie than he should have suffered.

**RESPONSE: Defendants deny the allegations contained in Paragraph 123.**

**124.**

**ALLEGATION:** As a direct and proximate result of Defendants' negligence, Plaintiff was injured and suffered damages related to his arrest and prosecution.

**RESPONSE: Defendants deny that they were negligent or that any act or omissions attributable to them was the direct and proximate cause of Plaintiff's alleged injuries and damages. To the extent further response to Paragraph 124 is required, Defendants deny the allegations contained therein.**

**125.**

**ALLEGATION:** Vives is not entitled to official immunity because he was working for a private business at the time of the tortious conduct and because he acted with actual malice.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 125. Accordingly, by operation of law, these allegations are denied.**

**126.**

**ALLEGATION:** Through its contracts with Walmart, Signal 88 also assumed liability for Vives' conduct while working at the store and is liable for his actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 126.**

**127.**

**ALLEGATION:** To the extent Walmart contends that Vives was a Signal 88 agent, in addition to or rather than a Walmart agent, Signal 88 is also liable for Vives' actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 127.**

COUNT IV
*Tortious Misconduct*
*Against Vives, Walmart, and Signal 88*

**128.**

**ALLEGATION:** Plaintiff was a customer-invitee of Vives and Walmart.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 128. Accordingly, by operation of law, these allegations are denied.**

**129.**

**ALLEGATION:** Plaintiff was subjected to abusive, opprobrious, insulting, or slanderous conduct by Defendants.

**RESPONSE: Defendants deny the allegations contained in Paragraph 129.**

**130.**

**ALLEGATION:** Defendants falsely accused Plaintiff of having committed a crime by force when they knew he had done no such thing.

**RESPONSE: Defendants deny the allegations contained in Paragraph 130.**

**131.**

**ALLEGATION:** Defendants breached their duty to protect Plaintiff from injury caused by the tortious misconduct of their agents.

**RESPONSE: Defendants deny the allegations contained in Paragraph 131.**

**132.**

**ALLEGATION:** Through its contracts with Walmart, Signal 88 also assumed liability for Vives' conduct while working at the store and is liable for his actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 132.**

**133.**

**ALLEGATION:** To the extent Walmart contends that Vives was a Signal 88 agent, in addition to or rather than a Walmart agent, Signal 88 is also liable for Vives' actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 133.**

<u>COUNT V</u>
*Intentional Infliction of Emotional Distress*
*Against Vives, Walmart, and Signal 88*

**134.**

**ALLEGATION:** Defendants engaged in reckless and intentional conduct in causing Plaintiff to be arrested for no reason whatsoever.

**RESPONSE: Defendants deny the allegations contained in Paragraph 134.**

**135.**

**ALLEGATION:** Walmart took no action to intervene to stop Vives' unlawful arrest of Plaintiff.

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 135.**

**136.**

**ALLEGATION:** Such conduct is extreme and outrageous.

**RESPONSE: Defendants deny the allegations contained in Paragraph 136.**

**137.**

**ALLEGATION:** Such conduct caused Plaintiff severe emotional distress.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 137. Accordingly, by operation of law, these allegations are denied.**

**138.**

**ALLEGATION:** Through its contracts with Walmart, Signal 88 also assumed liability for Vives' conduct while working at the store and is liable for his actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 138.**

**139.**

**ALLEGATION:** To the extent Walmart contends that Vives was a Signal 88 agent, in addition to or rather than a Walmart agent, Signal 88 is also liable for Vives' actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 139.**

<u>COUNT VI</u>
*Battery*
*Against Vives, Walmart, and Signal 88*

**140.**

**ALLEGATION:** Defendants unlawfully touched Plaintiff's body in a harmful and offensive manner.

**RESPONSE: Defendants deny the allegations contained in Paragraph 140.**

**141.**

**ALLEGATION:** Plaintiff was injured as a result of Defendants' actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 141.**

**142.**

**ALLEGATION:** Through its contracts with Walmart, Signal 88 also assumed

liability for Vives' conduct while working at the store and is liable for his actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 142.**

**143.**

**ALLEGATION:** To the extent Walmart contends that Vives was a Signal 88 agent,

in addition to or rather than a Walmart agent, Signal 88 is also liable for Vives'

actions.

**RESPONSE: Defendants deny the allegations contained in Paragraph 143.**

<u>COUNT VII</u>
*Punitive Damages*
*Against Vives, Walmart, and Signal 88*

**144.**

**ALLEGATION:** Defendants acted with conscious indifference or reckless

disregard for the consequences of their actions, such that an award of punitive

damages is authorized under state and federal law.

**RESPONSE: Defendants deny the allegations contained in Paragraph 144.**

COUNT VIII
*Open Records Act Violations*
*Against City of Riverdale*

**145.**

**ALLEGATION:** The Georgia Open Records Act grants a right to the public to inspect and copy public records that are prepared, maintained, and received in the course of operation of a public office or agency. O.C.G.A. § 50-18-70(a)-(b).

**RESPONSE: Defendants deny as pled the allegations contained in Paragraph 145.**

**146.**

**ALLEGATION:** The City of Riverdale is a Georgia municipality and is therefore subject to the requirements of the Open Records Act under O.C.G.A. § 50-1870(b).

**RESPONSE: Upon information and belief, Defendants admit the allegations contained in Paragraph 146.**

**147.**

**ALLEGATION:** Plaintiff is an individual entitled to enforce the Georgia Open Records Act under O.C.G.A. § 50-18-73(a).

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 147. Accordingly, by operation of law, these allegations are denied.**

## 148.

**ALLEGATION:** Plaintiff requested public records as defined in O.C.G.A. § 50-1870(a), including video from Vives' body camera and Walmart surveillance video that the Riverdale Police Department collected and maintained.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 148. Accordingly, by operation of law, these allegations are denied.**

## 149.

**ALLEGATION:** Vives' own incident report admits that his "BWC" was "in use" during the incident.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 149. Accordingly, by operation of law, these allegations are denied.**

## 150.

**ALLEGATION:** Riverdale initially refused to produce the requested video.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 150. Accordingly, by operation of law, these allegations are denied.**

### 151.

**ALLEGATION:** Riverdale's decision to withhold responsive records violated the Georgia Open Records Act.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 151. Accordingly, by operation of law, these allegations are denied.**

### 152.

**ALLEGATION:** Riverdale failed and refused to provide access to records not subject to exemption within the required time limits, frustrated access to records, and/or negligently failed to produce requested records as required.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 152. Accordingly, by operation of law, these allegations are denied.**

### 153.

**ALLEGATION:** Plaintiff seeks statutory penalties, attorneys' fees, and an order that Riverdale produce all withheld records.

**RESPONSE: Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 153. Accordingly, by operation of law, these allegations are denied.**

COUNT IX
*Attorneys' Fees*
*Against all Defendants*

**154.**

**ALLEGATION:** Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense through the events giving rise to this action as well as in Defendants' course of conduct in this litigation.

**RESPONSE: Defendants deny the allegations contained in Paragraph 154.**

**155.**

**ALLEGATION:** Plaintiff requests reasonable attorneys' fees and expenses associated with this litigation, and such fees and expenses are appropriate under O.C.G.A. § 13-6-11 and O.C.G.A. § 50-18-73.

**RESPONSE: Defendants deny the allegations contained in Paragraph 155.**

**156.**

**ALLEGATION:** Plaintiff is also entitled to attorneys' fees under 42 U.S.C. § 1988.

**RESPONSE: Defendants deny the allegations contained in Paragraph 156.**

REQUEST FOR RELIEF

**ALLEGATION:** WHEREFORE, Plaintiff requests this Court:

a)      Hold a trial by jury on all issues so triable;

b)      Award nominal, compensatory, special, and punitive damages to Plaintiff against Defendants in an amount to be proven at trial;

c)      Award Plaintiff attorneys' fees under 42 U.S.C. § 1988 and state law;

d)      Tax all costs of this action against Defendants;

e)      Order that Riverdale produce all requested records; and

f)      Award any additional or alternative legal or equitable relief that is just

and appropriate.

**RESPONSE: Defendants deny any allegations asserted in Plaintiff's final "WHEREFORE" paragraph including subparts "a" through "f."**

**157.**

Any and all allegations of Plaintiff's First Amended Complaint not expressly admitted are denied.

**158.**

Defendants demand trial by jury of twelve on any and all justiciable issues.

**159.**

Having answered Plaintiff's First Amended Complaint and showing no liability thereunder, Defendants requests that they be discharged with all costs casts against Plaintiff.

Respectfully submitted this_____ day of October, 2023.

**HALL BOOTH SMITH, P.C.**

2710 Old Milton Parkway, Suite 200
Alpharetta, GA 30009
(404) 954-5000
(404) 954-5020 Fax
cwatkins@hallboothsmith.com

 */s/ Christopher J. Watkins*
Christopher J. Watkins
Georgia Bar No. 618322
Tiffany R. Winks
Georgia Bar No. 626413
*Attorney for Defendants Signal 88 Franchise Group, Inc. and Signal 88, LLC*

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing has been prepared in Times New Roman, size 14-

point font, in compliance with Local Rule 5.1.

**HALL BOOTH SMITH, P.C.**

*/s/ Christopher J. Watkins*
Christopher J. Watkins
Georgia Bar No. 618322

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JORDAN MCDUFFIE, | |
| *Plaintiff,* | |
| vs. | CIVIL ACTION NO.: |
| | 1:23-CV-02042-SDG |
| ANTONIO VIVES, | |
| WALMART, INC., | **JURY TRIAL DEMANDED** |
| WAL-MART STORES EAST, LP, | |
| CITY OF RIVERDALE, | |
| SIGNAL 88 FRANCHISE GROUP, INC., | |
| and SIGNAL 88, LLC, | |
| *Defendants.* | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing

**Defendants Signal 88 Franchise Group and Signal 88, LLC's Answer to**

**Plaintiff's First Amended Complaint** through the CM/ECF e-filing system and/or

Statutory Electronic Service to the following recipients:

Zack Greenamyre
Samantha Funt
MITCHELL SHAPIRO
GREENAMYRE & FUNT, LLP
881 Piedmont Avenue
Atlanta, Georgia 30309
zack@mitchellshapiro.com

Max Marks
THE BLOCK FIRM, LLC
309 E. Paces Ferry Road,
Suite 400
Atlanta, Georgia 30305
max.marks@blackfirmllc.com

60

sam@mitchellshapiro.com

Garret W. Meader
Leslie P. Becknell
DREW ECKL & FARNHAM, LLP
100 Main Street, Suite A
St. Simons Island, GA 31522
meaderg@deflaw.com
beknelll@deflaw.com

303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
martinw@deflaw.com

Sun S. Choy
Marisa M. Beller
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
schoy@fmglaw.com
marisa.beller@fmglaw.com

Respectfully submitted this _____ day of October, 2023.

**HALL BOOTH SMITH, P.C.**

2710 Old Milton Parkway, Suite 200
Alpharetta, GA 30009
(404) 954-5000
(404) 954-5020 Fax
cwatkins@hallboothsmith.com

*/s/ Christopher J. Watkins*
Christopher J. Watkins
Georgia Bar No. 618322
*Attorney for Defendants Signal 88 Franchise Group, Inc. and Signal 88, LLC*