# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JORDAN MCDUFFIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART, INC.,<br>WAL-MART STORES EAST, LP,<br>SIGNAL 88 FRANCHISE GROUP,<br>INC., SIGNAL 88, LLC, and<br>AMERIC SECURITY ENDEAVORS,<br>INC.,<br>　　　　Defendants. | Civil Action File No.:<br>1:23-CV-02042-SDG |

## NOTICE OF VIDEO DEPOSITION

Please take notice that Plaintiff, by and through the undersigned attorney, will take the following deposition:

　　　　Date:　　　　December 12, 2024
　　　　Deponents:　**Signal 88 Franchise Group, Inc.** and **Signal 88, LLC**
　　　　Time:　　　　2 p.m.
　　　　Location:　　Zoom only. Link to be provided by counsel.

The deposition will be upon oral examination pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed. The deposition will be taken before a notary public or some officer duly authorized by law to administer oaths, and will be recorded by stenographic means. As an additional means of recording the depositions, and pursuant to Federal Rule of Civil

Procedure 30(b)(3)(B), counsel for Plaintiffs will record the deponents' testimony audiovisually.

Signal 88 Franchise Group, Inc. and Signal 88, LLC are required by this Notice to be present for the taking of this deposition at the above-mentioned locations.

This the 9th day of December 2024.

                                        MITCHELL SHAPIRO
                                        GREENAMYRE & FUNT, LLP

                                        */s/ Zack Greenamyre*
                                        Zack Greenamyre
                                        Georgia Bar No. 293002
                                        881 Piedmont Ave NE
                                        Atlanta, GA 30309
                                        zack@mitchellshapiro.com
                                        Tel: 404-812-4747

                                        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of the Court using the e-filing system which will automatically send email notification of such filing to all attorneys of record.

Submitted this 9th day of December, 2024.

                                                  */s/ Zack Greenamyre*
                                                Zack Greenamyre
                                                Georgia Bar No. 293002

## Attachment A
## Topics for deposition pursuant to Rule 30(b)(6)
*McDuffie v. Walmart, Inc., et al.*, No. 1:23-cv-2042-SDG (N.D. Ga.)

1. Defendant's policies, practices, and/or customs related to the investigation, if any, of security personnel before they are retained.
2. Defendant's investigation, if any, into Vives before he was retained to work as a security guard at Walmart.
3. Whether Defendant was aware of the underlying facts alleged in Doc. 25 at ¶¶ 70–72 related to Vives' history as a law enforcement officer.
4. Vives' work history while associated with Defendant.
5. The contractual relationships related to Vives' retention as a security guard at Walmart.
6. Any policies or procedures of Defendant to which Vives was subject while working as a security guard at Walmart.
7. Defendant's role in the retention of Vives to work as a security guard at Walmart.
8. Defendant's knowledge of or involvement in the events giving rise to this lawsuit.
9. Communications involving Defendant related to Mr. McDuffie's arrest by Vives, whether during or after the event.
10. Defendant's position and opinion as to whether any report should have been generated in response to Vives' interactions with Plaintiff.
11. Defendant's position and opinion as to whether Vives committed a tort or other wrong against Plaintiff.
12. Defendant's knowledge of any criticism, reprimand, or disapproval related to Vives' arrest of McDuffie, other than via McDuffie, his counsel, or news media, by Defendant or otherwise.
13. Defendant's knowledge of any other complaints regarding Vives.
14. Defendant's understanding of when any employee of Defendant became aware of Vives' arrest of McDuffie.
15. Defendant's knowledge regarding all individuals or entities who performed any supervisory role or function over Vives while he worked as a security guard at Walmart.

16. Defendant's knowledge of all policies or procedures pertaining to surveillance video captured at Walmart retail locations, including operation of video surveillance systems, monitoring and accessing live and recorded footage, and storage and retention.

17. Defendant's understanding of the relative roles of Defendants Walmart, Inc. and Wal-Mart Stores East, LP in this matter.

18. Defendant's understanding of the relative roles of Defendants Signal 88 Franchise Group, Inc. and Signal 88, LLC in this matter.

19. Defendant's understanding of the role of Signal 88 Security of SE Atlanta, LLC in this matter or in Vives' work as a security officer.

20. Defendant's understanding of the role of Signal 88 of South Atlanta #268 in this matter or in Vives' work as a security officer.

21. Defendant's understanding regarding the licenses necessary for Vives to work as an armed security guard at Walmart and whether such licenses had been obtained.